# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EMPIRE CORVETTE OF AMERICA, INC.,**

    **Plaintiff,**

v.                                                  Case No:  6:18-cv-26-Orl-22DCI

**JUST TOYS CLASSIC CARS, LLC,**

    **Defendant.**

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*. On January 5, 2018, Plaintiff filed a complaint alleging that this Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332. Doc. 1. In the complaint, Plaintiff alleged, in part, as follows: (1) "[Plaintiff] is a New York Corporation"; (2) "[Defendant] is a Florida limited liability company whose primary place of business is located in Orange County, Florida"; and (3) "In addition to [Defendant] being a Florida limited liability company, all members of [Defendant] are *residents* of the state of Florida." *Id*. at 1 (emphasis added).

On January 16, 2018, the Court entered an order to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. Doc. 6. The Court noted, among other things, that Plaintiff had failed to allege the citizenship of each of Defendant's members. *Id*.

On January 22, 2018, Plaintiff filed an amended complaint in which Plaintiff alleged that all of Defendant's members "are individuals who are each citizens of the state of Florida." Doc. 8. But Plaintiff failed to specifically identify each of Defendant's members. *Id*. Plaintiff subsequently filed a response to the Court's order to show cause. Doc. 10

As the Court explained in its prior order to show cause, this Court is a court of limited jurisdiction, and as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). A plaintiff bears the burden of establishing the existence of federal subject matter jurisdiction. *See generally Moreno v. Breiburn Fla., LLC*, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) ("In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.") (citation omitted).

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). "Residence alone is not enough" to establish citizenship under 28 U.S.C. § 1332. *Travaglio*, 735 F.3d at 1269 (citation omitted). A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). An unincorporated business entity, such as a partnership or a limited liability company, is a citizen of every state in which each of its individual members are citizens. *See, e.g.*,

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam).

Here, Plaintiff failed to properly allege federal diversity jurisdiction in its amended complaint. Although Plaintiff generally alleged that all of Defendant's members are citizens of Florida, Plaintiff failed to specifically identify each of Defendant's members. *See Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Housing*, 2017 WL 4548066, * (11th Cir. Oct. 12, 2017) ("To properly allege the citizenship of an LLC, a party must identify all of the LLC's members and their citizenships.") (citation omitted).

Accordingly, Plaintiff is **ORDERED** to show cause in writing, on or before **February 16, 2018**, why the case should not be dismissed for lack of federal subject matter jurisdiction. The response shall address the issues identified in this Order and must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury. *See, e.g., Travaglio*, 735 F.3d at 1270 (allowing defective allegations regarding citizenship to be cured through record evidence). Alternatively, Plaintiff may file a second amended complaint that adequately pleads facts supporting federal subject matter jurisdiction. **Failure to properly allege federal diversity jurisdiction will result in a report recommending that this case be dismissed.**

**DONE** and **ORDERED** in Orlando, Florida on February 2, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties