UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,     CASE NUMBER: 6:18-cv-26-ORL
a New York Corporation

          Plaintiff,
vs.

JUST TOYS CLASSIC CARS, LLC,
a Florida Limited Liability Company

          Defendants
_____/

## SECOND AMENDED COMPLAINT

COMES NOW, The Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., by and through its undersigned counsel and sues the Defendant, JUST TOYS CLASSIC CARS, LLC, and states as follows:

1. This is an action for damages in excess of $75,000.00 and otherwise within the jurisdiction of this Court.

2. EMPIRE CORVETTE OF AMERICA, INC., hereinafter referred to as "EMPIRE", is a New York Corporation with its principal place of business located at 110 Valley View Drive, Boonville New York, within Oneida County, New York.

3. JUST TOYS CLASSIC CARS, LLC, hereinafter, "JUST TOYS" is a Florida limited liability company whose primary place of business is located in Orange County, Florida.

4. In addition to JUST TOYS being a Florida limited liability company, each and every member of JUST TOYS are individuals who are each citizens of the state of Florida. There are no members which are entities, specifically no member is a LLC.

5. For purposes of establishing diversity jurisdiction, the members of JUST TOYS are Michael Smith, Sr., a citizen of the state of Florida and Michael Smith, Jr., a citizen of the state of Florida. There are no other members of JUST TOYS.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorneys fees.

7. Venue of this action is proper in this jurisdiction pursuant to 28 U.S.C. §1391 because the events giving rise to the claims asserted in this Complaint occurred in Orange County, Florida, within the Middle District of Florida, and the Defendant conducts business within the Middle District of Florida.

8. JUST TOYS operates a motor vehicle dealership in Orange County, Florida.

9. Prior to the institution of this action, JUST TOYS represented to EMPIRE that it could sell two vehicles owned by EMPIRE on a consignment basis.

10. To that end, EMPIRE delivered its 1980 Trans Am and 1970 GTO Judge to JUST TOYS to be sold on consignment.

11. At the time of delivery of the vehicles, a form contract was prepared, however, the agreement was ambiguous and did not accurately reflect the parties' agreement. More specifically, the form identified two vehicles, but only the price for the Trans Am was included in the form. A copy of the form is attached hereto as Exhibit A.

12. JUST TOYS acknowledged that the form did not reflect the agreement as it related to the GTO Judge and indicated a new agreement would be provided, however, no such agreement was ever executed by the parties. See Text message chain dated April 10, 2017 attached hereto as Exhibit B.

13. During the time JUST TOYS had the vehicles, it apparently received an offer of $30,000 for the GTO Judge, which offer was communicated to EMPIRE, rejected, and confirmed by EMPIRE to be unreasonably low. See Exhibit B.

14. JUST TOYS was informed that the minimum amount acceptable to EMPIRE for the GTO Judge was 62,000.00.

15. After a few months transpired, JUST TOYS advised EMPIRE it had an offer to purchase the GTO Judge for $60,000.00 and was again advised by EMPIRE that the offer was rejected as it was below the $62,000.00 minimum acceptable amount. See Text message chain dated August 2, 2017 attached hereto as Exhibit C.

16. Thereafter, EMPIRE was informed by JUST TOYS that a purchaser had been procured for the Pontiac Judge at a purchase price of $62,000.00. See Text message chain dated August 2, 2017 attached hereto as Exhibit D.

17. JUST TOYS informed EMPIRE that it needed the title to the vehicle to be delivered to it so that it could complete the sale. See Exhibit D and Text message attached hereto as Exhibit E.

18. Relying on JUST TOYS' assurance that a purchaser had been procured for $62,000.00 and that the sales proceeds would be delivered to EMPIRE upon conclusion of the sale, EMPIRE delivered the title to JUST TOYS so the sale could be completed.

19. Although JUST TOYS had possession of the title and vehicle and claimed to have a purchaser for the vehicle, the funds for the sale were never delivered to EMPIRE.

20. Instead, EMPIRE's calls for updates on the status of consummation of the sale and payment were not returned and JUST TOYS only sporadically replied to inquiries by text and email.

21. During the same period, JUST TOYS was in possession of the Trans Am, but had not communicated any offers for the purchase of that vehicle.

22. As JUST TOYS had held the vehicles for several months and no bona-fide sale appeared to be taking place, EMPIRE informed JUST TOYS that it intended to retrieve its vehicles. <u>See</u> Various text messages attached hereto as composite Exhibit F.

23. JUST TOYS advised EMPIRE it could not retrieve the vehicles unless EMPIRE paid JUST TOYS the sum of $840.00 as a "marketing reimbursement".

24. Although EMPIRE did not believe it was indebted to EMPIRE, in an effort to sever the relationship and retrieve its vehicles, it wired the funds to JUST TOYS.

25. Thereafter, EMPIRE sent a transport vehicle to JUST TOYS's business location in Orange County, Florida to retrieve the vehicles.

26. JUST TOYS allowed EMPIRE to retrieve its Trans Am, but refused to deliver the GTO Judge.

27. Although the vehicle was located on the premises and clearly visible, JUST TOYS indicated the vehicle was sold and that it would not release the vehicle to EMPIRE. <u>See</u> Email dated September 22, 2017 attached hereto as Exhibit G

28. Thereafter, through counsel, EMPIRE again demanded the return of the vehicle or delivery of the sale proceeds. <u>See</u> Letter dated October 26, 2017 attached hereto as Exhibit H.

29. JUST TOYS refused the return of the vehicle, alleging the same to have been sold and provided a bill of sale as evidence of the purported sale. <u>See</u> Bill of Sale attached hereto as Exhibit I.

30. Notwithstanding JUST TOYS's contention the vehicle was sold, no proceeds have ever been delivered to EMPIRE.

31. It became apparent to EMPIRE that JUST TOYS had no intention of ever providing the promised proceeds to EMPIRE, but instead had misappropriated the vehicle and any funds from the purported sale.

32. As a result of the actions of JUST TOYS, EMPIRE has had to retain the undersigned counsel and is indebted for a fee. Empire is entitled to an award of its reasonable attorney's fees and costs from the Defendant.

33. All conditions precedent to this action have been either fulfilled or waived.

## COUNT I
### (Civil Theft)

34. The Plaintiff restates the allegations of paragraphs 1-33 above as if set forth fully herein.

35. This is an action for damages based on civil theft pursuant to §772.11, Florida Statutes.

36. JUST TOYS wrongfully retained the vehicle belonging to EMPIRE and thereafter wrongfully retained the sales proceeds from the vehicle.

37. JUST TOYS retained the vehicle and the funds from the sale of the vehicle with the felonious intent to deprive EMPIRE of the value of its vehicle and any sales proceeds therefrom.

38. JUST TOY's retention of the vehicle and funds constitutes an illegal conversion of EMPIRE's property and a civil theft in accordance with §772.11, Florida Statutes.

39. As a result of the civil theft, EMPIRE is entitled to damages pursuant to §772.11, Florida Statutes, which provides for treble damages.

40. On or about November 15, 2017, in accordance with §772.11, Florida Statutes, EMPIRE forwarded a statutory demand letter to JUST TOYS demanding the payment of One Hundred Eighty Six Thousand and 00/100 ($186,000.00) Dollars, representing statutory damages of three times the value of the property misappropriated. A copy of the demand letter is attached as Exhibit J.

41. JUST TOYS received the demand letter on November 16, 2017. A copy of the delivery receipt is attached hereto as Exhibit K.

42. Despite JUST TOYS' retention of the vehicle and funds and receipt of demand for payment, JUST TOYS failed and refused to pay EMPIRE the damages owing.

WHEREFORE, the Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., demands judgment in its favor and against the Defendant, JUST TOYS CLASSIC CARS, LLC, for $186,000.00, plus the costs and attorneys fees of this action and such other relief as may be appropriate. The Plaintiff further demands trial by jury on all issues so triable.

## COUNT II
### (Fraud)

43. The Plaintiff restates the allegations of paragraphs 1-33 above as if set forth fully herein.

44. This is an action for damages based on Fraud.

45. JUST TOYS represented to EMPIRE that a purchaser for the GTO Judge had been procured and that EMPIRE would be paid $62,000.00 upon delivery of the endorsed title to the vehicle.

46. Relying on the representations of JUST TOYS, EMPIRE delivered the endorsed title.

47. The representations made by JUST TOYS were false when made as JUST TOYS never intended to deliver the promised sales proceeds to EMPIRE.

48. JUST TOYS made the false representation for the purpose of inducing EMPIRE to deliver the endorsed title and to otherwise secure the vehicle and title so that JUST TOYS could sell the same to a third party and misappropriate the sales proceeds.

49. As a result of the misrepresentation, EMPIRE acted to its detriment.

50. EMPIRE has been damaged by the fraudulent misrepresentation.

51. EMPIRE reserves the right to amend its Complaint to assert a claim for punitive damages upon a sufficient proffer.

WHEREFORE, the Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., demands judgment in its favor and against the Defendant, JUST TOYS CLASSIC CARS, LLC, for such amounts as may be deemed reasonable, plus the costs of this action and such other relief as may be appropriate.  The Plaintiff further demands trial by jury on all issues so triable.

## COUNT III
### (Florida Unfair and Deceptive Trade Practices Act)

52. The Plaintiff restates the allegations of paragraphs 1-33 above as if set forth fully herein.

53. This is an action for violation of the Florida Unfair and Deceptive Trade Practices Act (Chapter 501, Florida Statutes).

54. JUST TOY's actions and representations as stated above were unfair and deceptive.

55. JUST TOYS' actions and representations as stated above were intended solely to induce EMPIRE to deliver the vehicle and title such that the car could be sold and the proceeds retained by JUST TOYS.

56. In reliance on the representations of JUST TOYS, EMPIRE delivered the vehicle and thereafter the title.

57. As a direct result of JUST TOYS' deceptive actions, EMPIRE was induced, tricked, and unfairly taken advantage, causing damages.

WHEREFORE, the Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., demands judgment in its favor and against the Defendant, JUST TOYS CLASSIC CARS, LLC, for such amounts as may be deemed reasonable, plus the costs of this action and such other relief as may be appropriate.  The Plaintiff further demands trial by jury on all issues so triable.

## COUNT IV
### (Conversion)

58. This is an action for Conversion.

59. The Plaintiff realleges and incorporates the matters contained in paragraphs 1-33 above as if set forth fully herein.

60. JUST TOYS wrongfully and without justification retained the vehicle belonging to EMPIRE, without the permission of EMPIRE and the sale's proceeds therefrom.

61. EMPIRE was at all relevant times the owner of the vehicle and entitled to immediate possession of the same and the proceeds from the sale.

62. The actions of JUST TOYS in refusing to return and otherwise retaining the vehicle and thereafter, the sales proceeds, constitutes a conversion of EMPIRE's personal property.

63. As a direct and proximate result of the conversion of property, EMPIRE has suffered damages.

64. EMPIRE reserves the right to amend this Complaint to plead a claim for punitive damages upon a sufficient proffer.

WHEREFORE, the Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., demands judgment in its favor and against the Defendant, JUST TOYS CLASSIC CARS, LLC, for such amounts as may be deemed reasonable, plus the costs of this action and such other relief as may be appropriate. The Plaintiff further demands trial by jury on all issues so triable.

## COUNT V
### (Unjust Enrichment)

65. The Plaintiff restates the allegations of paragraphs 1-33 above as if set forth fully herein.

66. This is an action for unjust enrichment.

67. EMPIRE delivered its vehicle, and thereafter, the title to JUST TOYS such that the vehicle could be sold and the proceeds of the sale provided to EMPIRE.

68. JUST TOYS failed to return the vehicle or otherwise deliver the proceeds from the sale to the Plaintiff.

69. JUST TOYS has been unjustly enriched at the expense of EMPIRE by the value of the vehicle based on its failure to return the vehicle or sale's proceeds to EMPIRE.

70. Principals of equity dictate that JUST TOYS provide EMPIRE the value of the asset is retained and sold.

WHEREFORE, the Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., demands judgment in its favor and against the Defendant, JUST TOYS CLASSIC CARS, LLC, for such amounts as may be deemed reasonable, plus the costs of this action and such other relief as may be appropriate. The Plaintiff further demands trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

EMPIRE CORVETTE OF AMERICA, INC. demands trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 12th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a copy electronically to Michael Kest, Esquire, 1150 Louisiana Avenue, Suite 4, Winter Park, FL 32789.

LAW OFFICES OF DAVID S. COHEN, LC

  /s/ David S. Cohen
David S. Cohen, Esquire
Florida Bar No.: 0970638
Lee N. Bernbaum, Esquire
Florida Bar No.: 0948454
5728 Major Boulevard, Suite 550
Orlando, Florida 32819
Tel.:  (407) 354-3420
Fax.:  (407) 354-3840
Primary email: david@dscohenlaw.com
Secondary email: admin@dscohenlaw.com