UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,          CASE NUMBER: 6:18-cv-26-ORL
a New York Corporation,

        Plaintiff,

vs.

JUST TOYS CLASSIC CARS, LLC,
a Florida Limited Liability Company,

        Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

COMES NOW Defendants, JUST TOYS CLASSIC CARS, LLC ("JUST TOYS"), by and through the undersigned counsel, and hereby moves to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b) and in support thereof states as follows:

### Summary

Defendant requests this Court dismiss Plaintiff's claims for failure to state a cause of action upon which relief can be granted. Plaintiff Empire is not entitled to relief from Just Toys as is shown by the exhibits attached to Plaintiff's Second Amended Complaint ("complaint").

### Standard of Review

A Court must take the well pleaded allegations in a complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). However, when the Plaintiff attaches exhibits to its complaint, not only may a Court consider those exhibits when ruling on a 12(b) motion,

but the exhibit should control when it conflicts with an allegation in the complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir., 2016).

## Facts

Plaintiff filed a five-count complaint against Defendant alleging: (I) Civil Theft, (II) Fraud, (III) Florida Unfair and Deceptive Trade Practices Act, (IV) Conversion, and (V) Unjust Enrichment. Notably missing from the complaint is a count for Breach of Contract. It appears that Plaintiff did not plead for Breach of Contract because, based on the attached contract, it is clearly not a party to the contract and therefore not entitled to relief.

However, simply leaving out a breach of contract claim does not rectify the issues with the other counts in Plaintiff's complaint. The contract as well as the other exhibits attached to Plaintiff's complaint specifically contradicts the following allegations in Plaintiff's complaint:

In paragraph 9, Plaintiff alleges that Just Toys represented to Empire that it could sell the vehicles on a consignment basis. The contract under which this happened and is attached the complaint never mentions Empire. The contract clearly states that the representations were made to Mr. Ryan David Payne.

In paragraph 10, Plaintiff alleges that Empire delivered the two vehicles to be sold on consignment by Just Toys. Again, the attached contract does not mention Empire and specifically states that it is Mr. Payne who is putting the vehicles on consignment.

In paragraph 11, Plaintiff specifically references the attached contract stating that it "did not accurately reflect the parties' agreement." Plaintiff has never mentioned Mr. Payne and therefore can only be referencing Empire when it states "parties". Since

Empire is not even referenced in the contract, this allegation clearly contradicts the exhibit.

In paragraph 12, Plaintiff again references the agreement as the only document governing the parties. Again, Plaintiff alleges as if it is a party to the agreement, which the contract shows it is clearly not.

In paragraphs 13 – 17, Plaintiff talks about discussions between Empire and Just Toys. However, nothing in the agreement between the parties in any way references Empire and nothing in the agreement allows Just Toys to negotiate with Empire. The emails that Plaintiff attached to its compliant also contradict Plaintiff's allegations that Just Toys was speaking with anyone other than Mr. Payne. In fact, all communications attached to Plaintiff's Complaint clearly contradict Plaintiff's allegations and show that Mr. Payne, the party to the contract, was the only person to whom representations were made.

In paragraphs 22 – 24, Plaintiff again alleges discussions with Just Toys. Again, these allegations are directly rebutted by the emails attached to the complaint which clearly show Mr. Payne having these discussions with Just Toys. The same is true for paragraphs 26 – 27.

In paragraph 30, Empire claims that no funds were ever delivered to Empire. Plaintiff's exhibits to the complaint clearly show that Empire was not entitled to any funds as they were not a party to the agreement with Just Toys.

In paragraphs 36 – 37, Plaintiff claims that Just Toys wrongfully retained a vehicle and the funds from a vehicle that belonged to Empire. Again, Just Toys had a contract with Mr. Payne as show in the exhibits and discussed the sale and return of the

vehicles with Mr. Payne as shown in the exhibits. Empire has not alleged that Mr. Payne wrongfully contracted with Just Toys and, in fact seems to claim that Mr. Payne had every right to do so based on the letter from Plaintiff's counsel. The exhibits that Plaintiff has attached the complaint clearly contradict Plaintiff's allegations that Empire had any right to the vehicles or payment from the sale of the vehicles.

In paragraphs 45 – 50 and 55 – 57, Plaintiff again alleges that Just Toys made misrepresentations to Plaintiff. As has been shown in Plaintiff's attached exhibits, the contract and emails were with Mr. Payne, not Empire.

In paragraphs 60 – 62 and 67 – 69, Plaintiff alleges that it was the owner of the vehicles and entitled to possession of the vehicles and/or the proceeds from their sale. The contract attached to Plaintiff's complaint directly contradicts this assertion and instead shows that Mr. Payne was the party entitled to the vehicles as well as any sale proceeds.

### Memorandum of Law

### Failure to State a Claim Upon Which Relief can be Granted

While this Court must generally take all well-pled allegations as true, this case is the exception to the general rule, where the attached exhibits contradict allegations in the complaint. Plaintiff's failure to plead facts necessary for relief that are not contradicted by the exhibits, prevents Plaintiff from alleging sufficient facts to state a cause of action for relief.

Looking first at the Civil Theft claim, Plaintiff must show that Just Toys had an *intent* to deprive Plaintiff of their property. *Rhodes v. O'Turner & Co.*, 117 So.3d 872, 875 (Fla. 4th DCA 2013). As the exhibits clearly show that Just Toys believed they were

dealing with Mr. Payne, there is no ability for Empire to prove that Just Toys intended to deprive Empire of anything.

In a cause of action for fraud, Plaintiff must show that Defendant made a false statement which the Defendant intended the Plaintiff to rely on and act upon. *Mettler Inc., v. Ellen Tracy, Inc.*, 648 So.2d 253, 255 (Fla. 2d DCA 1994). Defendant clearly could not have intended Plaintiff to rely on any statement made by Defendant since the exhibits show that Defendant did not know about Empire nor make any statements to Empire.

To prevail on a Florida Deceptive and Unfair Trade Practices Act (FDUTPA) claim, Plaintiff must show that: 1) Just Toys engaged in some unfair or deceptive trade practice, 2) this practice caused directly related to Empire's loss, and 3) Empire suffered actual damages. *Rollins v. Butland*, 951 So.2d 850, 869 (Fla. 2d DCA 2006). The documents attached to the complaint clearly show that Mr. Payne was the person engaged in business with Just Toys, not Empire. Since Just Toys clearly did not engage with Empire, no actions by Just Toys could have directly caused any damages to Empire.

Empire cannot prevail on the conversion claim for the simple reason that, based on the attached contract, Empire has no right to the vehicle or the proceeds from the sale. See *Joseph v. Chanin*, 940 So.2d 483, 486 (Fla. 4th DCA 2006). Only Mr. Payne would be entitled to those proceeds.

Lastly, Plaintiff cannot recover under its claim for Unjust Enrichment. The elements for a claim of Unjust Enrichment are: 1) Plaintiff confers a benefit on Defendant, 2) the Defendant accepts that benefit, 3) and it would be inequitable for Defendant to retain the benefit without paying for it. *Challenge Air Transport, Inc. v.*

*Transportes Aereos Nacionales, S.A.*, 520 So.2d 323, 324 (Fla. 3d DCA 1988). The agreement attached to Plaintiff's complaint shows that Plaintiff conferred no benefit on Just Toys. Mr. Payne signed the contract with Just Toys and delivered the vehicles, not Empire.

### Conclusion

Many of the allegations material to Plaintiff's claims are contradicted by the exhibits attached to Plaintiff's complaint. Because those exhibits control over the allegations in Plaintiff's complaint, Plaintiff cannot allege sufficient facts to sustain the pled causes of action.

WHEREFORE Defendant, JUST TOYS CLASSIC CARS, LLC, respectfully requests this Honorable Court dismiss Plaintiff's Second Amended Complaint pursuant Fed. R. Civ. P. 12(b), grant Just Toys its attorney's fees and costs, and grant any further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on DAVID S. COHEN, ESQUIRE, Primary E-Mail: david@dscohenlaw.com and Secondary E-Mail: admin@dscohenlaw.com.

MICHAEL M. KEST, ESQUIRE
Florida Bar No. 27994
KEST LAW, PLLC
1150 Louisiana Avenue, Suite 4
Winter Park, Florida 32789
Telephone: (407) 490-2889
E-Mail: Michael@KestLaw.com
*Attorney for Defendants*