UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,    CASE NUMBER: 6:18-cv-26-ORL

       Plaintiff,
vs.

JUST TOYS CLASSIC CARS, LLC,

       Defendant.
_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION
TO MOTION TO DISMISS**

COMES NOW the Plaintiff, EMPIRE CORVETTE OF AMERICA, INC. (hereafter "EMPIRE"), by and through its undersigned counsel, and files this Response and Memorandum in Opposition to Defendant's Motion to Dismiss the Second Amended Complaint, and states as follows:

**Introduction**

Plaintiff initiated this action seeking damages based on the Defendant's, Just Toy Classic Cars, LLC's wrongful misappropriation of Plaintiff's 1970 GTO Judge classic automobile. Plaintiff's Second Amended Complaint asserts causes of action against Just Toys Classic Cars, LLC, for: a) civil theft; b) fraud; c) violation of Florida's Deceptive and Unfair Trade Practices Act; d) conversion; and, e) unjust enrichment.  All the  causes of action involve Defendant's wrongful conduct and misappropriation of the vehicle which Plaintiff owned and which Plaintiff delivered to Defendant to sell on consignment.

Defendant filed a Motion to Dismiss the Second Amended Complaint (Document 18), to which this Memorandum is responsive.

### **Legal Standard**

A motion to dismiss for failure to state a claim merely tests the legal sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). In ruling on a Rule 12(b)(6) motion, the Court must accept the allegations set forth in the complaint as true. *Lotierzo v. Woman's World Med. Ctr., Inc.,* 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, in ruling on such motion, all reasonable inferences should be drawn in favor of the plaintiff. *Omar ex. Rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003).

### **Legal Argument**

The Defendant's Motion to Dismiss is a veiled attempt to direct the focus of the case away from the theft, deceptive acts and fraud committed by the Defendant. The Plaintiff pled, with specificity, facts sufficient to establish that the Defendant took an automobile belonging to the Plaintiff, promised to provide compensation for it, induced the Plaintiff into delivering the title, and thereafter refused to provide the monies promised and similarly refused to return the automobile. The actions as pled clearly constitute each of the elements of the various causes of action pled. In fact, the Defendant does not assert in its Motion to Dismiss that any critical element of any cause of action is missing. For that reason, the Plaintiff will not go through each element of the various causes of action in this Memorandum.

Instead of addressing the causes of action pled, the Defendant is attempting to recast the Plaintiff's action in terms of a breach of contract in an effort to mask its misappropriation. Simply stated, there is no contractual cause of action asserted in the Second Amended Complaint. Instead, each of the causes of action asserted are based on the Plaintiff's claims the Defendant stole its automobile.

As stated in the well pled allegation of the Second Amended Complaint, the contract which the Defendant is trying to force the Plaintiff to utilize for its causes of action is not an accurate reflection of any agreement of the parties. More specifically, as alleged in paragraphs 11 and 12 of the Second Amended Complaint, an ambiguous form contract was provided, which document did not accurately set forth the agreement. This document was attached to the Second Amended Complaint to set forth the context of the various discussions. There is no basis in law for the Defendant to utilize a sloppily drafted form agreement it prepared, which agreement is of questionable applicability, to deprive the Plaintiff of its right to assert claims for the misappropriation of its vehicle.

The Defendant's argument seems to be that it should escape liability because it did not know who it was stealing from. This argument is nonsensical, not to mention unsupported by the allegations of the Second Amended Complaint. The well pled allegations of the Second Amended Complaint repeatedly assert the Plaintiff was the owner of the automobile. *See Second Amended Complaint ¶¶ 9, 10, 36, 38, 60, and 61*. Further, the Defendant certainly knew who the owner was as it received a title certificate to the automobile from the Plaintiff. *See Second Amended Complaint ¶18*. The fact that a document was attached to the Complaint which identified a corporate principal instead of the entity itself does not act to deprive the entity of the right to assert causes of action based on the theft of its property.

## Conclusion

Plaintiff's Second Amended Complaint is clearly legally sufficient, in that it sets forth all elements of each cause of action pled against Defendant.  Further, the exhibits to such Second Amended Complaint do not contradict the allegations of such pleading.   Consequently, Defendant's Motion to Dismiss should be denied.

WHEREFORE, Plaintiff, EMPIRE OF CORVETTE OF AMERICA, INC., respectfully requests this Honorable Court deny Defendant's Motion to Dismiss Second Amended Complaint, and order such further relief as is deemed appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a copy electronically to Michael Kest, Esquire, 1150 Louisiana Avenue, Suite 4, Winter Park, FL 32789.

LAW OFFICES OF DAVID S. COHEN, LC

  s/ David S. Cohen
David S. Cohen, Esquire
Florida Bar No. 0970638
5728 Major Blvd., Suite 550
Orlando, Florida 32819
(407) 354-3420 telephone
(407) 354-3840 facsimile
david@dscohenlaw.com (primary)
admin@dscohenlaw.com (secondary)
lbernbaum@dscohenlaw.com (secondary)