UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,   CASE NUMBER: 6:18-cv-26-ORL
a New York Corporation,

       Plaintiff,

vs.

JUST TOYS CLASSIC CARS, LLC,
a Florida Limited Liability Company,

       Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Defendants, JUST TOYS CLASSIC CARS, LLC ("JUST TOYS"), by and through the undersigned counsel, and hereby files this Answer to Plaintiff's Third Amended Complaint and states as follows:

1. ADMITTED that Plaintiff has pled for damages in excess of $75,000. DENIED as to all other allegations.

2. Unknown and therefore DENIED.

3. ADMITTED.

4. ADMITTED.

5. ADMITTED.

6. DENIED that the court has jurisdiction over the case as Defendant alleges that Ryan Payne is the proper party to this litigation and his current citizenship is unknown.

7. ADMITTED that venue is proper in Orange County, Florida. DENIED as to all other allegations.

8. ADMITTED.

9. DENIED.

10. DENIED.

11. ADMITTED that at the time of the delivery of the vehicles, a contract was executed between Ryan Payne and Just Toys for two vehicles. DENIED as to all other allegations.

12. ADMITTED that a former employee of Just Toys corresponded with Ryan Payne and sent a revised contract. ADMITTED that the revised agreement was never executed by the parties.

13. ADMITTED that Just Toys received an offer for $30,000.00 for the GTO Judge. DENIED as to all other allegations.

14. DENIED.

15. ADMITTED that Just Toys received an offer to purchase the GTO Judge for $60,000.00. DENIED as to all other allegations.

16. DENIED.

17. DENIED.

18. DENIED.

19. ADMITTED that no funds were ever delivered to Empire. DENIED as to all other allegations.

20. DENIED.

21. ADMITTED that Just Toys had possession of the Trans Am for a period of time but unknown as to which period is being alleged, and therefore DENIED.

22. DENIED.

23. DENIED.

24. DENIED.

25. DENIED.

26. DENIED.

27. DENIED.

28. DENIED.

29. ADMITTED.

30. ADMITTED.

31. Unknown what Empire's thoughts were and therefore DENIED. DENIED as to all other allegations.

32. DENIED.

33. DENIED.

## COUNT I
### (Civil Theft)

34. Defendant restates its answers to the allegations of paragraphs 1-33 as if stated fully herein.

35. ADMITTED that Plaintiff has attempted to plead a civil theft claim. DENIED as to all other allegations.

36. DENIED.

37. DENIED.

38. DENIED.

39. DENIED.

40. ADMITTED that Plaintiff sent Defendant the letter attached as Exhibit J. DENIED as to all other allegations.

41. ADMITTED.

42. DENIED.

WHEREFORE, Defendant requests this court deny judgment for Plaintiff and award Defendant, interest, costs, and attorneys' fees pursuant to the civil theft statute.

## COUNT II
### (Conversion)

43. ADMITTED that Plaintiff has attempted to plead a conversion claim. DENIED as to all other allegations.

44. Defendant restates its answers to the allegations of paragraphs 1-33 as if stated fully herein.

45. DENIED.

46. Unknown if Empire was the owner of the vehicle and therefore DENIED. DENIED as to all other allegations.

47. DENIED.

48. DENIED.

49. Unknown and therefore DENIED.

WHEREFORE, Defendant requests this court deny judgment for Plaintiff and award Defendant, interest, costs and any other relief that is appropriate.

## COUNT III
### (Unjust Enrichment)

50. Defendant restates its answers to the allegations of paragraphs 1-33 as if stated fully herein.

51. ADMITTED that Plaintiff has attempted to plead an unjust enrichment claim. DENIED as to all other allegations.

52. DENIED.

53. DENIED that Just Toys had any legal obligation to Plaintiff.

54. DENIED.

55. DENIED.

WHEREFORE, Defendant requests this court deny judgment for Plaintiff and award Defendant, interest, costs and any other relief that is appropriate.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense
#### (Waiver)

As a result of Plaintiff's conduct, words and/or actions, Plaintiff has waived any and all of the alleged rights asserted in the complaint and in each and every purported claim for relief therein. Plaintiff transferred all rights to the vehicles to Ryan Payne and Mr. Payne executed a contract with Just Toys acknowledging that, "**[t]he person signing as the owner of this vehicle represents that they have the full and complete title to this vehicle and have the authority to consign the vehicle**." Plaintiff's transfer of rights to Mr. Payne of the vehicle waives any rights they have to recover in this suit.

#### Second Affirmative Defense
#### (Accord and Satisfaction)

Defendant's contract with Mr. Payne to sell the vehicles extinguishes Plaintiff's claims any amount in excess of the contract price. Plaintiff's agreement operated as an accord and satisfaction precluding Plaintiff from attempting to recover anything from Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on DAVID S.

COHEN, ESQUIRE, Primary E-Mail: david@dscohenlaw.com and Secondary E-Mail: admin@dscohenlaw.com.

                          /s/ Michael M. Kest
                          _____
MICHAEL M. KEST, ESQUIRE
Florida Bar No. 27994
KEST LAW, PLLC
1150 Louisiana Avenue, Suite 4
Winter Park, Florida 32789
Telephone: (407) 490-2889
E-Mail: Michael@KestLaw.com
*Attorney for Defendant*