UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,     CASE NUMBER: 6:18-cv-26-Orl-22DCI

    Plaintiff,

vs.

JUST TOYS CLASSIC CARS, LLC,

    Defendant.
_____/

## MOTION TO REOPEN CASE AND MOTION FOR FINAL JUDGMENT AFTER DEFAULT, WITH INCORPORATED MEMORANDUM

Plaintiff, EMPIRE CORVETTE OF AMERICA, INC. ("Empire Corvette"), by and through its undersigned counsel, moves this Honorable Court to reopen the subject case and to enter a Final Judgment, on the basis of Defendant's default of an enforceable settlement agreement, and in support thereof, states as follows:

1. Empire Court initiated the subject action against Defendant, JUST TOYS CLASSIC CARS, LLC ("Just Toys"). The operative complaint was Plaintiff's Third Amended Complaint, whereby Empire Corvette sought damages against Just Toys and asserted causes of action for civil theft, conversion, and unjust enrichment.

2. This Court issued a Case Management and scheduling Order (Doc. 21), pursuant to which the parties were ordered to mediate. Pursuant to a subsequent Joint Motion for Enlargement of ceratin deadlines, this Court extended the deadline within which to mediate. The parties did in fact mediate on July 23, 2018.

1

3. A settlement was reached at the mediation, and a Mediated Settlement Agreement (hereafter "Agreement") was executed by all parties. Although the Agreement contained a standard confidentiality clause, there is an exception to same in order to enforce the Agreement. Therefore, the Agreement is attached hereto as Exhibit A.

4. The parties thereafter filed a Joint Notice of Settlement (Doc. 32) with this Court, which included notification that the Agreement contained payment terms which would expire on or before November 23, 2018.

5. This Court issued an Order of Dismissal on August 21, 2018 (Doc. 33), wherein the Court dismissed this cause without prejudice and subject to the rights of the parties, within 110 days, to move to reopen the action upon good cause shown.

6. Pursuant to that Order, and based on Just Toys' default of the Agreement, Empire Corvette submits that good cause exists to reopen the case. Further, pursuant to the Agreement., Empire Corvette is entitled to a Final Judgment against Just Toys.

7. The Agreement required Defendant to make four (4) equal installment payments of $18,000.00 on or before specific designated dates. Defendant made the first $18,000.00. However, Defendant failed to make the second $18,000.00 payment that was due on or before September 23, 2018.

8. Therefore, on September 25, 2018, undersigned counsel's office provided Just Toys' designated representative the required e-mail notice of default and five (5) day opportunity to cure. The e-mail notice of default is attached hereto as Exhibit "B".

9. The five (5) days to cure the default has expired and Just Toys has still failed to make the past due installment payment. In addition, and although not required, undersigned

counsel has had telephone conversations with Defendant's counsel regarding Defendant's ongoing default.

10. Paragraph 3 of the Agreement states that, in the event of a default such as has occurred here, and upon filing of an affidavit of default, "Plaintiff may obtain a judgment, ex-parte, for the amount of $180,000.00, less the payments actually made. . ."., and that "Defendant hereby consents to the entry of such judgment and waives all defenses, except that of timely payment and notice, to the entry or enforcement of such judgment."

11. An Affidavit of Default is attached hereto as Exhibit "C".

12. Plaintiff is therefore entitled to entry of a final judgment against Defendant in the amount of $162,000.00, representing the stipulated $180,000.00 default judgment amount, less the $18,000.00 paid prior to such default.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned conferred with Michael Kest, counsel for Defendant, regarding the relief sought in this motion; however, the parties were unable to agree on the resolution of this motion.

WHEREFORE, Plaintiff, EMPIRE CORVETTE OF AMERICA, INC., respectfully requests this Honorable Court find good cause to reopen this case, enter Final Judgment Against Defendant, JUST TOYS CLASSIC CARS, LLC, for the amount sought, and order any further relief this Court deems appropriate.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of October, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide a copy electronically to Michael Kest, Esquire, Kest Law, LLC, 1150 Louisiana Avenue, Suite 4, Winter Park, FL 32789.


LAW OFFICES OF DAVID S. COHEN, LC

_s/ David S. Cohen_
David S. Cohen, Esquire
Florida Bar No. 0970638
5728 Major Blvd., Suite 550
Orlando, Florida 32819
(407) 354-3420 telephone
(407) 354-3840 facsimile
david@dscohenlaw.com (primary)
admin@dscohenlaw.com (secondary)

EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,   CASE NUMBER: 6:18-cv-26-Orl-22DCI

    Plaintiff,

vs.

JUST TOYS CLASSIC CARS, LLC,

    Defendant.

---

## MEDIATED SETTLEMENT AGREEMENT

THIS MEDIATED SETTLEMENT AGREEMENT ("Agreement") is made this 23rd day of July, 2018 ("Effective Date") by and between the above captioned Parties who do hereby agree as follows:

1.     <u>Payment Terms.</u> Without admitting any liability or wrongdoing, Defendant shall pay to Plaintiff the total sum of $72,000.00, ("Settlement Sum") in full and complete settlement of this action. Payment shall be made in four (4) equal payments of $18,000.00 as follows: the 1st payment is due on or before August 23, 2018; the 2nd payment is due on on or before September 23, 2018; the 3rd payment is due on or before October 23, 2018; and, the 4th payment is due on or before November 23, 2018, such that the full $72,000.00 is paid on or before November 23, 2018. All payments shall be made payable to the "Law Offices of David S. Cohen, LC Trust Account", 5728 Major Blvd., Suite 550, Orlando, FL 32819.

2.     <u>Dismissal.</u> Upon full and timely payment of the amounts set forth in section 1 above, the parties will file a joint stipulation for dismissal of the pending lawsuit, with prejudice, each party to bear its own fees and costs. The parties will equally share the mediator's fee.

3. <u>Default.</u> In the event Plaintiff fails to make any payment when due as set forth in section 1 above, Plaintiff, after providing five (5) days notice and opportunity to cure to Defendant via email, at jr@justtoysclassiccars.com, and upon filing an affidavit of default with the Court, may obtain a judgment, ex-parte, for the amount of $180,000.00, less the payments actually made pursuant to this Settlement Agreement. In such event, Defendant hereby consents to the entry of such judgment and waives all defenses, except that of timely payment and notice, to the entry or enforcement of such judgment. Any other failure of the Parties to abide by any of the terms identified herein will also constitute a default. Should either party employ an attorney to enforce any provision hereof or to protect its interests in any matter arising out of or related to this Agreement, the prevailing party shall be entitled to all reasonable costs, charges, expenses, including attorneys fees, through any appellate proceeding, expended or incurred in connection therewith.

4. <u>General Release.</u> In consideration of the undertakings described above, but expressly excepting the obligations created by, and the rights expressly reserved within this Agreement as to the Parties and any and all of their/its representatives, heirs, family members, managers, members, investors, employees, employers, officers, insurers, directors, stockholders, attorneys, predecessors, successors, assigns, subsidiaries, partners, affiliates, beneficiaries, present and former agents, release and forever discharge each other and any and all of their/his/her/its officers, directors, principals, stockholders, representatives, employees, employers, attorneys, partners, affiliates, present and former agents, predecessors, successors, assigns, parents, subsidiaries, insurers, from and all claims, debts, liabilities, demands, obligations, costs, attorneys' fees, actions and causes of action of every nature and character and description which they held or now hold, whether known or unknown, arising from or related to the above-styled

lawsuit, including, but not limited, any claim for breach of contract, negligence, professional negligence, and any other cause of action and damages of any type, including punitive damages along with statutory or common law "bad faith," breach of the covenant of good faith and fair dealing, breach of contract, tort, contractual and extra-contractual causes of action and damages of any type, including punitive damages, attorneys fees, both statutory and common law, for any and all reasons whatsoever, including but not limited to matters arising from or connected with the above captioned lawsuit, from the beginning of the world through the date of execution of this Agreement. This is a General Release of all claims known and unknown of all types which shall be broadly construed.

5. <u>Entire Agreement</u>. This Agreement and the Exhibits attached hereto (if any) contains the entire understanding and agreement between the Parties hereto with respect to the subject matter hereof. The Agreement may be modified only by written instrument(s) signed by all Parties hereto.

6. <u>Advice of Counsel</u>. The Parties each acknowledge that they have entered into this Agreement voluntarily and with full knowledge and understanding of its terms. Each party further represents that it/they have had a reasonable time period within which to review this Agreement and to seek any guidance or advice that may be necessary or desirable. Upon advice of counsel of their choosing, the Parties have read and fully understand the terms of this Agreement and voluntarily agree to be bound hereby.

7. <u>Successors and Assigns</u>. This Agreement shall be binding upon the Parties and signatories hereto and their respective proper affiliates, heirs, representatives, agents, successors,

and assigns. However, the duties and responsibilities under this agreement may not be assigned without the express written permission of both parties.

8. <u>Governing Law and Jurisdiction</u>. This Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida. In the event any litigation or other formal legal or equitable proceeding (collectively, the "Litigation") between any of the parties hereto, or their affiliates, heirs, agents, successors, or assigns, is instituted in connection with the construction, interpretation, or enforcement of this Agreement, the party commencing such litigation shall be required to institute the same in state courts within the jurisdiction and venue of the Middle District of Florida. Each party hereto hereby consents to the exclusive personal jurisdiction and venue in the federal courts with jurisdiction in Orange County, Florida, for resolution of all disputes arising out of the construction, interpretation, or enforcement of any term or provision of this Agreement, and each party hereby waives the claim or defense that any such court in which any such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

9. <u>Severability</u>. If any provision of this Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from this Agreement without effecting the validity of any other provision hereof.

10. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be original as against any party whose signature appears thereon, and all of which together shall constitute one and the same Agreement.

11. <u>Construction of Agreement</u>. This Agreement has been negotiated by the respective Parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings contained herein are for reference purposes only, and shall not in any manner limit the construction of this Agreement which shall be considered as a whole. All additions and deletions of provisions from any and all drafts of this agreement shall be of no force or effect in interpreting the terms of this Agreement or the intentions of the Parties hereto.

12. <u>Execution Authority</u>: The signatories hereto warrant and affirm they have the necessary authority to bind the entities hereto.

13. <u>Confidentiality</u>. The Parties agree that they will preserve the confidentiality of this Settlement Agreement and the parties will not discuss or disclose the contents of this Agreement, nor the negotiations or the terms of the settlement which is memorialized by this Agreement to any third party, except as may be required to enforce the terms contained herein. The Parties may, however, disclose information required pursuant to a relevant Court order issued by a court or agency of competent jurisdiction requiring disclosure, and shall be permitted to disclose necessary financial information to their spouse, attorney, and financial advisors of the Parties, provided that all reasonable efforts are taken to safeguard the information contained herein. The Parties acknowledge and agree that if questioned by anyone regarding this claim and/or Settlement Agreement and incorporated Exhibits that their response shall be limited to the fact

that the dispute between the parties has been resolved. Neither party shall disparage the other party in any form, including posting any reviews or posts on social media.

THE PARTIES, AND EACH OF THEM, ACKNOWLEDGE THAT THE FOREGOING REPRESENTS THEIR COMPLETE AGREEMENT IN THIS MATTER.

JUST TOYS CLASSIC CARS, LLC

By: *Michael* as its: *Mgr.*
     *Smith Sr*

Michael Kest, Esquire
Counsel for Just Toys Classic Cars

Rick Joyce
Mediator

EMPIRE CORVETTE OF AMERICA, INC.,

By: *David* as its: *Pres.*
     *Payne*

Lee N. Bernbaum
Counsel for Empire Corvette of America

EXHIBIT "B"

Subject: **Empire Corvette of America vs. Just Toys Classic Cars -- Notice of Default**
From: lbernbaum@dscohenlaw.com
Date: Tue, Sep 25, 2018 8:00 am
To: jr@justtoysclassiccars.com
Cc: "M. Michael" <michael@kestlaw.com>, david@dscohenlaw.com
Attach: Mediated Settlement Agreement-fully executed.pdf

Mr. Smith,

I am writing this e-mail pursuant to the fully executed Mediated Settlement Agreement (hereafter "Agreement") entered into by the parties in this matter. Although you have a copy of the Agreement, another copy is attached hereto for your convenience. Pursuant to the Agreement, Just Toys Classic Cars was to make a (second) installment payment of $18,000.00 on or before September 23, 2018. Your company failed to make such payment.

Therefore, pursuant to paragraph 3 of the Agreement, this email constitutes notice of your company's default in this regard. Also pursuant to paragraph 3 of the Agreement, Just Toys Classic Cars has five (5) days to cure the default.

The consequences of Just Toys Classic Cars' failure to timely cure this default are set forth in detail in the Agreement. It is my hope that you will immediately cure the default. You have all the information (how the check should be made payable, wiring instructions, etc.) needed to make the payment, as those instructions are set forth in the Agreement and you followed them to make the prior (1st) installment payment. Although this email is being sent directly to you as specified in the Agreement, in an abundance of caution, I am copying Michael Kest, your company's attorney for the subject case, as well.

Thank you for your attention to this matter. You may call me with any questions.

Lee N. Bernbaum, Esq.
Law Offices of David S. Cohen, LC
5728 Major Boulevard
Suite 550
Orlando, FL 32819
Phone: 407-354-3420
Fax: 407-354-3840

Copyright © 2003-2018. All rights reserved.

EXHIBIT "C"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMPIRE CORVETTE OF AMERICA, INC.,   CASE NUMBER: 6:18-cv-26-Orl-22DCI

    Plaintiff,

vs.

JUST TOYS CLASSIC CARS, LLC,

    Defendant.
_____/

## AFFIDAVIT OF DEFAULT

BEFORE ME, the undersigned authority, personally appeared Lee N. Bernbaum, who, after first being duly sworn, deposes and says the following:

1. I am over the age of 18 years and have personal knowledge of the matters set forth herein.

2. I am a duly licensed attorney admitted to practice before the Bar in the State of Florida since 1992. I am also admitted to practice in the United States District Court for the Middle District of Florida.

3. I am an attorney with the Law Offices of David S. Cohen, LC. My firm represents Plaintiff, Empire Corvette of America, Inc., in this action.

4. I participated in the July 23, 2018 mediation, where at a settlement was reached. At that time, a Mediated Settlement Agreement was executed by the parties, as well as their counsel. I signed such Mediated Settlement Agreement as counsel for Plaintiff. A true and accurate copy of the Mediated Settlement Agreement ("Agreement") is attached as Exhibit A to Plaintiff's corresponding Motion to Reopen Case and Motion for Final Judgment After Default.

5. Defendant, Just Toys Classic Cars, LLC ("Just Toys"), failed to make the second $18,000.00 installment payment that was due pursuant to the Agreement. The Agreement

directs the payments to be made to my firm. No such second installment payment was made to my firm, and I verified that no such payment was provided directly to my client.

6. On September 25, 2018, I prepared and sent an e-mail to Just Toys' designated representative, which e-mail constituted the required notice of default and five (5) day opportunity to cure. A true and accurate copy of that e-mail is attached as Exhibit B to Plaintiff's corresponding Motion to Reopen Case and Motion for Final Judgment After Default.

7. The five (5) day opportunity to cure Defendant's default has expired.

8. Just Toys has still failed to make the past due installment payment of $18,000.00 that was due on or before September 23, 2018.

9. Plaintiff is therefore entitled to entry of a final judgment against Defendant in the amount of $162,000.00, representing the stipulated $180,000.00 default judgment amount, less the $18,000.00 paid prior to such default.

FURTHER AFFIANT SAYETH NAUGHT

_____
Lee N. Bernbaum

STATE OF FLORIDA
COUNTY OF ORANGE

THE FOREGOING instrument was acknowledged before me this ____ day of October, 2018, by Lee N. Bernbaum, who is personally known to me, and who did take an oath.

_____
Notary Public

Lori Rosario
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG045478
Expires 11/7/2020